1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11  GEORGE ASSAD, Derivatively on               CASE NO. 11cv2269 WQH (BGS)
    Behalf of PICO HOLDINGS, INC.
12
                                  Plaintiff,     ORDER
13          vs.

14  JOHN R. HART; RONALD LANGLEY;
    ROBERT G. DEUSTER; RICHARD D.
15  RUPPERT; JULIE H. SULLIVAN;
    KRISTINA M. LESLIE; CARLOS C.
16  CAMPBELL; KENNETH J. SLEPICKA;
    DOES 1-12, inclusive,
17
                                  Defendants,
18
    - and -
19
    PICO HOLDINGS, INC.,
20
                              Nominal Party.
21
22
23  HAYES, Judge:
24          The matters before the Court are the Motion to Dismiss filed by Defendants John R.
25  Hart, Ronald Langley, Ronald G. Deuster, Richard D. Ruppert, Julie H. Sullivan, Kristina M.
26  Leslie, Carlos C. Campbell, and Kenneth J. Slepicka (ECF No. 6) and the Motion to Remand
27  to State Court filed by Plaintiff George Assad, suing derivatively on behalf of PICO Holding,
28  Inc.  (ECF No. 7).

## I.    Background

On August 26, 2011, Plaintiff Assad initiated this shareholder derivative action by filing a Complaint in the Superior Court of the State of California for the County of San Diego, where it was assigned case number 37-2011-00096962-CU-BT-CTL. (ECF No. 1-4 at 7). On September 30, 2011, Defendants filed a Notice of Removal, removing the case to this Court. (ECF No. 1). Defendants assert that the Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1331 because allegations regarding the negative say on pay vote in the Complaint raises "a substantial and novel federal question." *Id*. at 4.

On October 7, 2011, Defendants filed a Motion to Dismiss. (ECF No. 6). Plaintiff filed an Opposition. (ECF No. 14). Defendants filed a Reply. (ECF No. 16).

On October 13, 2011, Plaintiff filed a Motion to Remand to State Court. (ECF No. 7). Defendants filed an Opposition. (ECF No. 15). Plaintiff filed a Reply. (ECF No. 17).

## II.    Allegations of the Complaint

Plaintiff George Assad is a shareholder of PICO Holdings, Inc. ("PICO"). (ECF No. 1-1 at ¶ 18). PICO is a California corporation located in La Jolla, CA. *Id*. at ¶ 19. PICO "engages in water resource and water storage, real estate insurance, and agribusiness businesses." *Id*. at ¶ 36. Defendants Hart, Langley, Deuster, Ruppert, Sullivan, Leslie, Campbell, and Slepicka serve on the board of directors for PICO. *Id*. at ¶¶ 20-27.

PICO maintains a "pay-for-performance" policy that "rewards executive[s] for achieving a superior return ...." *Id*. at ¶ 5. On April 2, 2011, PICO filed a proxy statement in which the board "represented that the intent of its compensation policy was to align shareholder and executive interests." *Id*. In 2010, PICO's stock performance "lagged the Dow by nearly 14%" and the amount of free cash flow per share decreased. *Id*. at ¶ 7. "In direct violation of their publicly stated pay for performance policy," the board increased executive salaries from $2.4 million in 2009 to nearly $14.3 million in 2010. *Id*. "This was pay for under performance, in direct violation of the board's purported pay for performance policy and its own public statements ...." *Id*. "The directors on the board breached their fiduciary duties by materially increasing 2010 executive compensation in the wake of substantial diminution

in shareholder value after claiming to adhere to a strict pay-for-performance policy, which purportedly hinged upon delivering 'superior return' to shareholders ...." *Id*. at ¶ 54.

On May 13, 2011, sixty-one percent of shareholders "rejected the Board's senior officer compensation recommendation" in a "say on pay" vote conducted pursuant to the provisions of Dodd-Frank Wall Street Reform Act. *Id*. at ¶¶ 10, 12. "The inference that the board breached its fiduciary duties is supported by the fact that: (a) a majority of the company's stockholders voted that 2010 executive compensation was not in their best interests; and (b) the board has yet to respond to the majority will of its stockholders ...." *Id.* at ¶¶ 12, 54.

Plaintiff asserts four claims against Defendants as follows: (1) breach of fiduciary duty in connection with the issuance of false and misleading statements; (2) breach of fiduciary duty in connection with the board's compensation practices; (3) breach of the fiduciary duty in connection with the failure to respond to the negative say on pay vote; and (4) unjust enrichment.

Plaintiff's first claim for breach of fiduciary duty in connection with the issuance of false and misleading statements alleges that Defendants "breached their fiduciary duties of loyalty, good faith, candor and independence owed to PICO and its shareholders, and failed to disclose material information and/or made material misrepresentations... regarding PICO's 2010 executive compensation scheme." *Id*. at ¶ 75. Defendants "conceal[ed] the fact that the company was overpaying its directors, officers and employees via compensation plans premised on an illusory 'pay for performance' executive compensation scheme ...." *Id*. at ¶ 79.

Plaintiff's second claim for breach of fiduciary duty in connection with the board's compensation practices alleges that Defendants "breached their fiduciary duties ... by failing to adhere to the Company's purported pay-for-performance policy." *Id*. at ¶ 85. The policy was to "'reward executive[s] for achieving a superior return' for stockholders and to align shareholder and executive interests[;]" however, the board increased executive compensation as the company's stock value decreased. *Id*.

Plaintiff's third claim for breach of the fiduciary duty in connection with the failure to

1  respond to the negative say on pay vote alleges that Defendants breached their fiduciary duties
2  "by failing to amend or alter 2010 executive compensation (or even issue a response) in
3  connection with the negative say on pay vote." *Id*. at ¶ 92.  "[D]espite having their executive
4  compensation program rejected by 61% of voting shareholders the board has done nothing in
5  response, in direct violation of their fiduciary duties." *Id*.

6      Plaintiff's fourth claim for unjust enrichment alleges that Defendants "will be and have
7  been unjustly enriched... in the form of unjustified salaries, benefits, and stock option grants."
8  *Id*. at ¶ 98.

9  **III.   Discussion**

10      Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim
11  upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure
12  8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain
13  statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).
14  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal
15  theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police
16  Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

17      To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint
18  "does not need detailed factual allegations" but the "[f]actual allegations must be enough to
19  raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
20  555 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
21  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
22  of action will not do."  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to
23  dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,
24  556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).  However, a court is not "required to accept as
25  true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
26  inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g.,
27  Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general
28  statement that Wal-Mart exercised control over their day-to-day employment is a conclusion,

not a factual allegation stated with any specificity.  We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

As discussed above, Plaintiff asserts a claim for "breach of the fiduciary duty in connection with the failure to respond to the negative say on pay vote."  (ECF No. 1-1 at 26). Plaintiff alleges that Defendants breached their fiduciary duties "by failing to amend or alter 2010 executive compensation (or even issue a response) in connection with the negative say on pay vote."  *Id*. at ¶ 92.  "[D]espite having their executive compensation program rejected by 61% of voting shareholders the board has done nothing in response, *in direct violation of their fiduciary duties*."  *Id*. (emphasis added).

Section 951 of the Dodd-Frank Wall Street Reform Act provides:

> The shareholder vote referred to in subsections (a) and (b) [outlining the requirements of the say on pay vote] shall not be binding on the issuer or the board of directors of an issuer, and may not be construed– (1) as overruling a decision by such issuer or board of directors; (2) to create or imply any change to the fiduciary duties of such issuer or board of directors; (3) to create or imply any additional fiduciary duties for such issuer or board of directors; or (4) to restrict or limit the ability of shareholders to make proposals for inclusion in proxy materials related to executive compensation.

15 U.S.C. § 78n-1(c).  "[A] court may not infer a private right of action from a federal statute unless Congress has displayed 'an intent to create not just a private right of action but also a private remedy.'"  *Potter v. Hughes*, 546 F.3d 1051, 1064 (9th Cir. 2008) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286-89 (2001)).

The language of the statute expressly states that it "may *not* be construed ... to create or imply any *change* to fiduciary duties" nor does it "*create or imply* any additional fiduciary duties."  *See* 15 U.S.C. § 78n-1(c) (emphasis added).  The Dodd-Frank Wall Street Reform Act did not create a private right of action or create new fiduciary duties.  The Court concludes that Plaintiff has failed to state a claim for breach of fiduciary duty based on the failure to respond to the negative say on pay vote pursuant to 15 U.S.C. § 78n-1.  The motion to dismiss

1    Plaintiff's third claim is GRANTED.[1]

2         The federal supplemental jurisdiction statute provides: "[I]n any civil action of which

3    the district courts have original jurisdiction, the district courts shall have supplemental

4    jurisdiction over all other claims that are so related to claims in the action within such original

5    jurisdiction that they form part of the same case or controversy under Article III of the United

6    States Constitution."   28 U.S.C. §1367(a).   A district court may decline to exercise

7    supplemental jurisdiction over a state law claim if:

8         (1) the claim raises a novel or complex issue of State law,

9         (2) the claim substantially predominates over the claim or claims over which the
          district court has original jurisdiction,

10
          (3) the district court has dismissed all claims over which it has original
11        jurisdiction, or

12        (4) in exceptional circumstances, there are other compelling reasons for
          declining jurisdiction.

13
14   28 U.S.C. §1367(c).   In this case, the Court has dismissed claim three, the only claim that

15   purports to assert a violation of a federal law.   The remaining claims one, two and four assert

     violations of state law and does no confer federal jurisdiction.

16
17        Defendants contend that Plaintiff's reference to the "say on pay" vote as evidence of

18   breach of fiduciary duty "requires the interpretation and application of Dodd-Frank" because

     it "implies a change in directors' fiduciary duties with respect to compensation" (ECF No. 15
19
     at 9).
20
21        A state law claim presents a substantial federal question if the claim "necessarily

22   raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may

23   entertain without disturbing any congressionally approved balance of federal and state judicial

     responsibilities." *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314
24
25   (2005).   However, even "[t]he invocation of [a federal law] as a basis for establishing an

26   element of a state law cause of action does not confer federal question jurisdiction" where there

     is a state law basis for the same element.  *See Rains v. Criterion Sys.*, 80 F.3d 339, 345 (9th
27
28   _____

          [1] The Court does not rule on the motion to dismiss claims one, two, and four.

Cir. 1996).  "Because each of [plaintiff's] claims is supported by at least one state law theory of recovery... the complaint does not state a claim 'arising under' [the statute] for purposes of removal jurisdiction." *Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996); *see also Rains*, 80 F.3d at 346.

To the extent that Plaintiff seeks to use the negative say on pay vote as evidence that the business judgment presumption was rebutted, resolution of the issue depends on California state law.  Federal question jurisdiction does not exist.  *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 9 (1983) (finding that federal question jurisdiction does not exist where "the vindication of a right under state law [does not] necessarily turn on some construction of federal law.").  Accordingly, Plaintiff's remaining claims for violation of state law do not necessarily raise a substantial issue of federal law.

The Court declines to exercise supplemental jurisdiction over the remaining state law claims against Defendants pursuant to 28 U.S.C. §1367(c).  *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.").  The Court declines to exercise supplemental jurisdiction over the remaining state law claims.

This case was removed from state court.  The removal statute provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

**IV.    Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants John R. Hart, Ronald Langley, Ronald G. Deuster, Richard D. Ruppert, Julie H. Sullivan, Kristina M. Leslie, Carlos C. Campbell, and Kenneth J. Slepicka (ECF No. 6) is GRANTED in part. Plaintiff's third claim for "breach of fiduciary duty in connection with the failure to respond to the negative say on pay vote" is DISMISSED.  The Motion to Remand to State Court filed by Plaintiff George Assad, suing derivatively on behalf of PICO Holding, Inc., (ECF No. 7) is GRANTED in part.  Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to the

1  California Superior Court for the County of San Diego, where it was originally filed and

2  assigned Case No. 37-2011-00096962-CU-BT-CTL.

3  DATED:  January 6, 2012

4
                                    *William Q. Hayes*
                                    **WILLIAM Q. HAYES**
5                                   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28